# CHARLESTON.

### HALL *et al.* v. PACKARD *et al.*

Submitted January 21, 1902. Decided March 22, 1902.

1. ATTACHMENT—*Non Resident—Abatement.*
     Service of summons on a non-resident in the county in which the same is issued does not abate an attachment nor furnish

good grounds for a demurrer to a bill in equity, founded on the
fact of such non-residence. (p. 265).

2. SUMMONS—*Residence—Sojourner.*
    Personal service of summons does not establish residence,
    for such service may be had on a temporary sojourner or pass-
    ing traveller. (p. 266).

Appeal from Circuit Court, McDowell County.

Bill by Hannah Hall and W. G. Morgan against Mark Pack-
ard and F. M. Boynton. From a judgment dismissing the bill,
plaintiffs appeal.

*Reversed.*

T. L. HENRITZE, for appellants.

RUCKER & ANDERSON, for appellees.

DENT, PRESIDENT:

Hannah Hall and W. G. Morgan, late partners doing business
as the Dary Coal Company complain of a judgment of the cir-
cuit court of McDowell County, rendered on the 17th day of
September, 1901, dismissing their bill and attachment against
Mark Packard and F. M. Boynton, partners trading as Packard
and Boynton, on demurrer for the reason that service of sum-
mons had been had on the defendants in said county.

Plaintiffs sued defendants as non-residents in chancery and
filed an affidavit to this effect, obtained an attachment, and
had it levied on a tract of land belonging to one of the defend-
ants. Summons was served upon both of them in McDowell
County. They appeared, craved oyer of the writ and return
thereon, and demurred to the bill, the only grounds of demur-
rer being service of summons upon them. The demurrer was
sustained. This action of the court was certainly unjustifiable
and erroneous. The object of an attachment against a non-
resident is to seize and hold his property to answer any decree or
judgment that may be obtained against him, and service of sum-
mons on, neither makes him a resident nor releases his property.
Section 17, chapter 106, Code, contemplates personal service on
non-residents, but such service cannot abate the attachment.
The quotation of defendants' counsel from *Long* v. *Ryan,* 30
Grat. 720, shows this wherein it says: "While on the other
hand the casual or temporary sojourn of a person in this State,
whether on business or pleasure, does not make him a resident

of the state within the meaning of the attachment laws, espe-cially if his personal domicile be elsewhere." Counsel also quotes from *Andrews* v. *Munday,* 36 W. Va. 22 : "In order to sustain an issue that a party is not a resident he has only to establish the fact of actual resident in this State under such concomi-tant circumstances as make it entirely practicable to serve him with process and to reach his property according to the course of the common law." They stop short off here and comment: "The court will note that in the case at bar it was 'entirely practicable' to serve the defendants with process and to reach their property according to the common law." It is certainly true that service of process was had on them, but still if they are non-residents of the state, they may dispose of their property herein and transport the proceeds beyond the jurisdiction of the court before judgment may be obtained against them. It may be said a resident might do the same thing. A resident is not so likely to do so, and if he attempts to do so, an attachment may be issued against him. The law makes a distinction in favor of the resident in this respect as over the non-resident. If the counsel had continued their quotation from *Andrews* v. *Munday,* they would have perceived this difference. This Court continuing in explanation of the clause quoted, says: "If a man's family has been removed to this state or if having no family, he has himself removed here, and entered into business, and his means and property have been brought here, and he dwells here, and his business engagements in this state are such as to render his stay wholly uncertain and indefinite as to dura-tion, he is not a non-resident of this state within the purview of the attachment law." There is nothing in the service of summons to show that these defendants have their families in this state or having no families, have removed here and entered into business and have brought their means and property and dwell here. On the contrary they may be temporary sojourners or travellers in the state on business or pleasure.

The demurrer of the defendants was therefore improperly sustained. The judgment is reversed, the demurrer overruled and cause remanded for further proceedings.

*Reversed.*